UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DYSHAWN UNDERWOOD,
*individually, and as guardian of minor child K.U.*,

           Plaintiff,

v.

BLUE LEAF RESIDENTIAL
MANAGEMENT, LLC, *et al.*,

           Defendants.

Civil Action 2:25-cv-223
Judge Douglas R. Cole
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Plaintiff, Dyshawn Underwood, on behalf of herself and her minor son, K.U., brings this action against Defendants Blue Leaf Residential Management, LLC, and Cyclone Columbus Park 250 LLC, for refusing to make essential repairs, refusing to accommodate K.U.'s disabilities, and retaliating against Ms. Underwood for exercising her son's rights under the Fair Housing Act. (Compl., ECF No. 4.) This matter is before the Court on the motion of Defendant Cyclone Columbus Park 250 LLC for leave to file its Counterclaim i*nstanter* (ECF Nos. 26, 28). For the reasons below, Cyclone's Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff commenced this action against Defendants Cyclone and Blue Leaf Residential Management, LLC, on March 7, 2025. (Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 1.) Cyclone filed an Answer to the Complaint on June 5, 2025. (ECF No. 14.)

The Court entered a Preliminary Pretrial Order on June 20, 2025, reflecting the parties' agreement that "[m]otions or stipulations addressing the parties or pleadings, if any, must be filed no later than July 15, 2025." (ECF No. 18). Cyclone moved for leave to amend its Answer on that deadline. (ECF No. 19.) The proposed amendments removed Cyclone's jury demand and added an affirmative defense of reliance on an alleged waiver of jury trial contained in the lease agreement between Plaintiff and Cyclone. (*Id.*) When the response deadline passed without opposition from any party, the Court granted leave for Cyclone to amend its Answer on August 8, 2025. (ECF No. 20; Am. Answer, ECF No. 21.)

On August 14, 2025, both Defendants jointly filed a Joint Waiver of Jury Trial, in which they argued that Plaintiff contractually waived her right to a jury trial via the provisions of the lease she signed with Cyclone. (ECF No. 14.) Plaintiff responded on August 18, 2025, with a Notice that she did not agree that her right to a jury trial had been waived. (ECF No. 18.)

On September 23, 2025, more than a month after Plaintiff's notice that she did not consider her jury demand waived and more than two months after the deadline for motions to amend the pleadings, Cyclone filed the subject motion to leave to file a counterclaim. (ECF Nos. 26, 28.) Cyclone seeks to assert counterclaims against Plaintiff for breach of contract and declaratory judgment, including a declaration that Plaintiff waived her right to a jury trial by executing the lease and breached the lease by demanding a jury trial. Plaintiff opposes the filing of the counterclaim under Federal Rule of Civil Procedure 15, contending that Cyclone's proposed claims are futile. (Pl.'s Mem. in Opp'n, ECF No. 30.)

    II.    **STANDARDS GOVERNING PLEADING AMENDMENTS**

District courts are required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in this case, a party misses a scheduling order's deadlines and seeks a

2

modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v.*

3

*Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III. ANALYSIS

As an initial matter, both parties cited only the standard for amendments under Federal Rule of Civil Procedure 15(a)(2), which directs the Court to "freely give leave when justice so requires." However, this standard is of secondary importance where, as here, the Court has already entered a scheduling order under Rule 16 and the deadline to amend the pleadings has passed. *See Leary*, 349 F.3d at 909 ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).").

Under the more stringent "good cause" standard of Rule 16, Cyclone must demonstrate that it acted diligently in attempting to comply with the deadline to amend the pleadings. The Court finds that it has done so. Plaintiff did not clarify until August 18, 2025, more than a month after the deadline for motions to amend the pleadings, that she did not consider her right to a jury trial to have been waived. Accordingly, Cyclone could not have sought leave to assert its counterclaims prior to the deadline. And once Plaintiff's position was clear, Cyclone sought leave to assert its counterclaims just over a month later. The Court is satisfied that Cyclone acted with the necessary diligence. Moreover, Plaintiff does not identify, and the Court cannot discern, any prejudice that would befall Plaintiff should Cyclone's motion be granted. Because Cyclone has already been granted leave to assert an affirmative defense premised on Plaintiff's contractual jury trial waiver, the substance of the proposed counterclaims is already at issue in the case, and it does not appear that any additional discovery or motion briefing will be necessary as a result of the counterclaims.

The Court now moves to the standard of Rule 15(a)(2), which directs the Court to "freely give leave when justice so requires." Even so, amendment may be denied "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson*, 633 F.3d at 495. For the reasons related to minimal delay and lack of prejudice outlined above, the Court finds that Cyclone's motion is not brought in bad faith or for dilatory purposes, and amendment will not result in undue delay.

Plaintiff's only arguments in opposition to Cyclone's Motion relate to the futility of Cyclone's proposed counterclaims. Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits" of those claims, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Cyclone to assert its counterclaims with the understanding that Plaintiff is free to challenge the claims against her through a motion to dismiss. *See Durthaler*, 2011 WL 5008552, at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y.

5

1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

## IV. DISPOSITION

For these reasons, Cyclone's Motion for Leave to file Counterclaim *Instanter* (ECF Nos. 26, 28) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Cyclone's Counterclaim, attached to its Motion at ECF No. 28, PAGEID #357–68.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE